RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
REBECCA LEVY
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Rebecca_levy@fd.org

Attorney for Spencer Gear

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00152-JAD-BNW |
| Plaintiff, | |
| v. | **Reply in Support of Defendant's Motion to Dismiss** |
| SPENCER CHRISTJENCODY GEAR, | |
| Defendant. | |

Certification: This reply is timely filed.

## I. Introduction.

The government's response to Mr. Gear's Motion to Dismiss fails. The government argues (1) the indictment is sufficient under the First Amendment because it alleges Gear threatened to "assault and murder" and "kill" the alleged victims constitute true threats; and (2) its factual allegations put Gear on sufficient notice of the charges against him under the Fifth and Sixth Amendments.[1]

---

[1] ECF No. 44 at 6–12.

The indictment must be dismissed. This Court can't determine whether the indictment alleges true threats without the language and context of Gear's statements, so the indictment fails under the First Amendment. Further, the indictment's lack of factual allegations precludes Gear from preparing a defense; fails to ensure he is prosecuted on the facts presented to the grand jury; and prevents him from pleading double jeopardy against later charges. And the government's production of Gear's statements in discovery does not save the defective indictment.

## II. The indictment is insufficient under the First Amendment.

Gear established that the government's indictment is insufficient under the First Amendment because no reasonable jury could conclude that the indictment's abstract and contextless allegations, taken as true, set forth true threats.[2] The government responds that Gear "fundamentally misunderstands the function of an indictment" because "juries do not decide if a statement is a true threat by examining . . . the four corners of the indictment."[3] This misapprehends Gear's challenge to the indictment.

While juries may not decide cases based on the four corners of the indictment, the indictment must nevertheless allege a cognizable offense. Thus, the government's rationale does not save it from the rigors of due process and notice when filing an indictment. Indeed, the government does not dispute the indictment must contain factual allegations that, taken as true, constitute "true threats" outside the protection of the First Amendment.[4] This is illustrated by the cases discussed in Gear's motion to dismiss: district courts explained why

---

[2] ECF No. 30 at 3–9.
[3] ECF No. 44 at 6.
[4] ECF No. 30 at 3–5.

reasonable juries could find that the alleged language in the alleged context, taken as true, constituted true threats because those indictments contained specific and detailed accounting of the threats.[5]

The government suggests those cases differ from this case because those defendants argued the alleged language "precluded a jury conviction," not that the indictment failed to adequately plead a charge.[6] In the government's view, the prosecutors in those cases would've been better off leaving the indictments as vague and contextless as the indictment here. If the *Miah* indictment simply alleged that the defendant "threatened to assault" the alleged victims, and the *Syring* indictment simply alleged the defendant "threatened to kill" the alleged victims, the government believes they would've avoided First Amendment scrutiny altogether.[7]

The government is incorrect. Unlike the sufficiently detailed indictments in those cases, the present indictment's lack of factual allegations precludes the district court from adequately "determin[ing] the sufficiency of the charge."[8] As discussed in Gear's motion, merely alleging that Gear "threatened to assault and murder" or "threatened to kill" the alleged victims is not enough, as "[e]ven a statement that appears to threaten violence may not be a true threat if the context indicates" otherwise.[9] For example, the statement "I am going to kill you for

---

[5] ECF No. 30 at 5–6 (discussing *United States v. Miah*, 546 F. Supp. 3d 407, 419 (W.D. Pa. 2021); *United States v. Syring*, 522 F. Supp. 2d 125, 133–34 (D.D.C. 2007)).

[6] ECF No. 44.

[7] ECF No. 44.

[8] *Bohonus*, 628 F.2d at 1173.

[9] *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 746 (9th Cir. 2021); ECF No. 30 at 4.

3

showing up late" constitutes a threat to kill, but, according to the Supreme Court, does not constitute a "true threat" for First Amendment purposes.[10]

In addition, the government cannot avoid scrutiny under one amendment by sacrificing protections under another. Here, the government suggests its dereliction under the Sixth Amendment—by describing the allegations in vague terms—saves the indictment under the First—because the government didn't allege the threats with any specificity. Unfortunately, the government's burden is to abide by *all* constitutional amendments. There is no partial credit under our Constitution.

For these reasons, this Court cannot say that a reasonable jury could find the indictment alleges true threats, and therefore it fails under the First Amendment.[11] And the government's later production of Gear's statements in discovery does not save the indictment; Gear's motion only concerns the four corners of the indictment, and an invalid indictment cannot be saved by discovery.[12] Dismissal is warranted.

### III. The indictment is insufficient under the Fifth and Sixth Amendments.

Gear has also shown that the indictment is insufficient under the Fifth and Sixth Amendments because it precludes him from preparing a defense, fails to ensure he is prosecuted on the facts presented to the grand jury, and precludes him from later pleading double jeopardy.[13]

In its response, the government argues that *Russell v. United States* is inapposite because 18 U.S.C. §§ 115(a)(1)(B) & 875(c) "criminalize threats to harm

---

[10] *Counterman v. Colorado*, 600 U.S. 66, 74 (2023); ECF No. 40 at 9.
[11] *Bohonus*, 628 F.2d at 1173; ECF No. 30 at 5–9.
[12] *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979); ECF No. 40 at 3–4.
[13] ECF No. 30 at 9–13.

4

or kill, not specific language."[14] This is incorrect. The government ignores the true-threat jurisprudence discussed in Gear's motion, which the government does not dispute. Under threat statutes, the core of criminality is *necessarily* the specific language and context of the alleged threat because true threats are determined by their language and context.[15] Thus, like the failure to allege the subject under inquiry in *Russell*, the present indictment is insufficient because it fails to allege the language and context of Gear's alleged statements.[16]

Further, the government argues that the present indictment "alleges far more than the indictment invalidated" in *United States v. Cecil*.[17] The government emphasizes that the *Cecil* indictment lacked information necessary to conspiracy charges but ignores that the present indictment lacks analogously essential information under the threat statutes: the language and context of the threats.[18] Put differently, the present indictment's lack of the language and context of Gear's alleged threats is just as significant as the *Cecil* indictment's lack of a timeframe and overt acts.[19] The government fails to show otherwise.

Finally, the government argues that each charge lists the form of communication, therefore stymieing any concern that Gear is later prosecuted for statements made in proximity.[20] But without the specific language underlying each charge, Gear cannot be sure what statements underly each individual charge. The effect of this is two-fold. First, by failing to specify the language underlying each charge, Gear cannot be sure he is prosecuted on the exact language from the

---

[14] ECF No. 44 at 11.
[15] ECF No. 30 at 3–4.
[16] *Russell v. United States*, 369 U.S. 749, 764 (1962); ECF No. 30 at 10–12.
[17] ECF No. 44 at 11.
[18] ECF No. 44 at 11.
[19] *Cecil*, 608 F.2d at 1296–97; ECF No. 40 at 10–12.
[20] ECF No. 44 at 9–10.

alleged communications presented to the grand jury.[21] And second, there is no assurance Gear won't be later prosecuted for uncharged language during the charged communications.[22]

For these reasons, the indictment's lack of specificity renders it insufficient under the Fifth and Sixth Amendments.

**IV.  Conclusion.**

For these reasons, this Court must dismiss the indictment.

DATED this 6th day of March, 2025.

                                      RENE L. VALLADARES
                                      Federal Public Defender

                            By:  */s/ Rebecca Levy*
                                      Rebecca Levy
                                      Assistant Federal Public Defender
                                      Attorney for Spencer Gear

---

[21] ECF No. 30 at 11–12.
[22] ECF No. 30 at 11–12.